UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MADRID VARGAS,                      :

           Petitioner            :    CIVIL ACTION NO. 3:26-1008

    v.                                  :        (JUDGE MANNION)

WARDEN, MOSHANNON                        :
VALLEY ICE PROCESSING
CENTER, *et al.,*                        :

        Respondents           :

## <u>MEMORANDUM</u>

Pending before the court is Jose Madrid Vargas's ("Petitioner") petition

for a writ of habeas corpus under 28 U.S.C. §2241, and application for

temporary restraining order. (**Docs. 1, 2**). For the reasons stated below, the

court will vacate its orders with respect to these motions (**Docs. 4, 5**), and

direct that the matter be transferred to the United States District Court for the

Western District of Pennsylvania and direct the Clerk of Court to close the

case in this court.

By way of relevant background, on April 20, 2026, Petitioner filed the

instant action in this district seeking Petitioner's immediate release from

Immigration and Customs Enforcement ("ICE") custody, or alternatively, for

the court to order the immigration court to conduct a bond hearing. (Doc. 1

at 8-9). Petitioner claims that his detention violates the Immigration and

Nationality Act and his Fifth Amendment rights. *Id.* at 8-9. The filing fee has been submitted. On the same day, Petitioner filed an application for temporary restraining order, requesting the court to enjoin Respondent from transferring Petitioner from his current location at the Moshannon Valley ICE Processing Center. (Doc. 2). On April 21, 2026, the court ordered Respondent to show cause why the court should not grant Petitioner's request for habeas corpus relief. (Doc. 4). Additionally, the court granted Petitioner's application for temporary restraining order. (Doc. 5).

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* R. 4, 28 U.S.C. foll. §2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."). Rule 4 may be applied in habeas cases brought under Section 2241. *See* R. 1(b), 28 U.S.C. foll. §2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized

- 2 -

to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The proper respondent in a §2241 petition is "the person who has custody over" the petitioner and who has the power to produce the petitioner before the court and release him if proper to do so. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. §§2242, 2243). Moreover, "'the court issuing the writ [must] have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). Therefore, the custodian must be within the territorial jurisdiction of the court issuing the writ. *Id.* at 445.

Petitioner is currently confined at the Moshannon Valley Correctional Facility ("MVCF") (a/k/a the Moshannon Valley Processing Center) in Phillipsburg, Pennsylvania. (Doc. 1 at 2). While the MVCF has an address in Philipsburg which is located in Centre County within the Middle District of Pennsylvania, the actual facility is situated in Clearfield County which is located in the Western District of Pennsylvania. The United States Court of Appeals for the Third Circuit has agreed that individuals confined at the MVCF seeking habeas relief must file their petition in the Western District of Pennsylvania, which is the district having jurisdiction over the petitioner's custodian. *See Tsoukalas v. United States*, 215 F. App'x 152 (3d Cir. 2007).

- 3 -

Because Petitioner is detained at the MVCF, which has been recognized as being in the Western District of Pennsylvania, this court does not have jurisdiction over the instant habeas petition.

Although this court lacks jurisdiction over the instant petition and application for temporary restraining order, it may transfer the action to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. §1631. "In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010).

In this case, the court finds that it would be in the interest of justice to transfer this action to the Western District of Pennsylvania. Given the confusion of the address of the MVCF and its actual physical location, there is no indication that the petition was filed in this court in bad faith. Moreover, there does not appear to be any equitable factors that would weigh against transferring the action.

For the reasons set forth above, the court will vacate its orders (Docs. 4, 5) and transfer the instant action to the United States District Court for the

Western District of Pennsylvania and direct that the case be closed in this district. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**DATE:** 4/22/26
26-1008-01